

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, | CV 17–132–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| THE ESTATE OF DARRELL L. WARD and THE ESTATE OF MARK MELOTZ, | |
| Defendants. | |
| THE ESTATE OF DARRELL L. WARD, | |
| Counterclaimant, | |
| vs. | |
| U.S. SPECIALTY INSURANCE COMPANY, | |
| Counterdefendant. | |

Before the Court are the parties' cross-motions for summary judgment (Docs. 28, 33), and Plaintiff's Motion for Order Limiting Discovery (Doc. 10). On June 28, 2018, the Court held a hearing on the pending motions. In its motion

-1-

for summary judgment, Defendant contends the following question should be certified: "Whether a liability insurance policy that contains no anti-stacking clause and is not a motor vehicle liability policy may be stacked intra-policy where separate premiums were charged for three liability coverages." (Doc. 34 at 17.) Plaintiff and Counter-defendant oppose certification, but, pursuant to the Court's request, have worked with Defendant to provide the Court with a proposed certification question. At the hearing, after reviewing the procedural posture of the case, and discussing a related case involving whether third-party claimants can stack liability coverage limits which is currently before the Montana Supreme Court, *Cross v. Warren*, DA 17-059 (Mont.), the Court finds that certification to the Montana Supreme Court in this case is appropriate.

Pursuant to Rule 15 of the Montana Rules of Appellate Procedure, a federal district court in Montana may certify questions to the Montana Supreme Court for instruction. *See* Mont. R. App. P. 15(3). "The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir.2003) (quoting Louie v. United States, 776 F.2d 819, 824 (9th Cir.1985)). Even where state law is unclear, resorting to the certification process is not obligatory. *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974). "If the state's highest appellate court has not decided

the question presented, then [a United States District Court] must predict how the state's highest court would decide the question." *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). In the absence of Montana Supreme Court precedent, a federal district court sitting in Montana may look to decisions from other jurisdictions, other relevant state cases, and secondary sources such as the Restatement to determine how the Montana Supreme Court would resolve the issues. *Eckard Brandes*, 338 F.3d at 1087.

The Court finds that there is no controlling authority under Montana law regarding whether Montana law allows stacking in a third-party claim by a deceased passenger in an airplane crash. The Court has reviewed the parties' proposed certification question (Doc. 51), modifies it, and submits the question to the Montana Supreme Court as ordered below.

IT IS ORDERED, pursuant to Rule 15 of the Montana Rules of Appellate Procedure, the following question is certified to the Montana Supreme Court for instruction:

> "Whether Montana law allows stacking in a third-party claim by a deceased passenger in an airplane crash, where the aircraft liability policy contains no anti-stacking clause and separate premiums were charged for liability coverage for three separate airplanes."[1]

---

[1] The Court proposed this question to the parties at the June 28, 2018 motion hearing. Defendant has agreed that this question is appropriate for certification. (Doc. 53 at 2.) Plaintiff

This Court acknowledges that, as the receiving court, the Montana Supreme Court may reformulate the certified question.

IT IS FURTHER ORDERED that the clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within 14 days of any decision by the Montana Supreme Court to accept or decline certification. If the Montana Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that Court's opinion.

IT IS FURTHER ORDERED that this case is STAYED pending resolution of the certified question by the Montana Supreme Court.

Dated this 29th day of June, 2018.

Dana L. Christensen, Chief Judge
United States District Court

---

does not agree with the use of the vernacular "anti-stacking" and submits the following alternative question: "Whether Montana law allows stacking in a third-party claim by a deceased passenger in an airplane crash under the insurance policy at issue in the above-entitled cause which contains a per passenger limit of $100,000, and identifies separate amounts charged for the coverage of each of the three aircraft within the total premium charged for the insurance policy." (Doc. 51 at 2.) Counter-defendant defers to the Court and the parties in framing the certification question.